IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH DIXON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-5223 |
| TOWNSHIP OF LOWER SOUTHAMPTON, et al. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                                                            **August 16, 2007**

**I. Introduction**

On November 29, 2006, Plaintiff Joseph Dixon ("Dixon" or "Plaintiff") filed a document with this Court entitled "Pr[a]ecipe for Emergency Hearing for a Writ of Mandamus and Injunctive Relief" bringing an action against the Township of Lower Southampton ("Township"); Rudolph, Pizzo & Clarke, LLC; and the Court of Common Pleas of Bucks County ("Court of Common Pleas") (collectively, "Defendants"). Plaintiff's Praecipe, which this Court ordered to be treated as a Complaint, alleges that Defendants violated his constitutional rights by seeking to limit the number of cars he may have parked on his property. Currently before this Court is a Motion to Dismiss by Defendants Township of Lower Southampton and Rudolph, Pizzo & Clark, LLC. For the reasons that follow, the Motion to Dismiss will be granted and judgment with be entered in favor of Defendants.

**II. Factual and Procedural Background**

This action involves an ongoing dispute between Dixon and the Township about his right to store a number of vehicles on his property. In his Complaint,[1] Dixon alleges that the

---

[1] At the time the Plaintiff filed his "Pr[a]ecipe for Emergency Hearing for a Writ of Mandamus & Injunctive Relief," Dixon claimed he needed immediate relief because the Township and its attorneys were in the process of seeking an injunction against him in the Court

Township has sought for approximately twenty-seven years to limit the number of vehicles stored on his property. In service of that goal, he claims that the Township has "mis-us[ed] their zoning ordinances, their township person[nel], the civil courts below and the township civil attorneys to methodically deny Plaintiff's Constitutional Rights." (Compl. 4.) He alleges that the Township, among other things, issued zoning violations against him including one for storing junk vehicles on his property, fined him for operating a warehouse on his property, and re-designated the street in front of his home as "no parking" zone after he began to park his cars there. More recently, the Township sought an injunction in the Court of Common Pleas to enforce an allegedly void court order requiring the removal of all but four of the vehicles from his property. According to Dixon, the Township lacks legal authority to limit the number of vehicles on his property, and he has never received a citation from the police for parking the vehicles on his property. He asserts the Township's actions in "using the zoning ordinances and the power of the courts to restrict plaintiffs parking of his private cars on his private property" violate his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments. (Compl. 1.)

Dixon brought an action in this Court on November 29, 2006 requesting this Court to declare that the actions of the Township violated his constitutional rights, to issue a summary writ of mandamus against the Township officials directing them to cease and desist their efforts to remove his cars, and, finally, to enjoin the law firm of Rudolph, Pizzo & Clarke, LLC from

---

of Common Pleas to enforce an earlier court order allowing them to take the cars parked on his property. In a December 22, 2006 Order, this Court denied the Plaintiff's request for a Writ of Mandamus and Emergency Hearing because the Plaintiff had failed to show a true emergency or irreparable harm meriting such a remedy. The Court instead ordered Plaintiff's filing be treated as a Complaint.

continuing to pursue any legal action against him in state court pending a decision by this Court. On February 20, 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint arguing that this action was barred by the Anti-Injunction Act, 28 U.S.C. § 2283. Plaintiff responded on March 15, 2007. In his response, he maintained that, because the Defendants' Motion failed to address his constitutional claims, the Court should "grant Plaintiff the requested relief to which the plaintiff is entitled." (Pl.'s Br. 3.)

On March 23, 2007, this Court issued an Order requiring the Plaintiff to respond to Defendants' legal argument that his action is barred by the Anti-Injunction Act. Plaintiff responded on April 6, 2007 asserting he is no longer seeking injunctive relief because the Defendants were successful in obtaining an order against him in state court, making his request for an injunction moot. He asserted he is instead bringing a claim under 42 U.S.C. § 1983 against Defendants for "engaging in numerous violations of Plaintiff's civil, individual, personal Liberty and property rights for many years."[2] (Pl.'s Supp. Br. 3.) He concludes he is entitled to summary judgment on the pleadings or, in the alternative, to dismissal of the Defendants' motion as non-responsive.

The Court then issued an Order on June 27, 2007 giving both parties fourteen days to supplement their briefing and to address, in particular, whether this Court is "bound to recognize the claim-and issue-preclusive effects" of any judgments entered in the state courts. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 282 (2005). The Court further ordered

---

[2] Although Plaintiff did not amend his Complaint to directly assert a claim under 42 U.S.C. § 1983, in light of his pro se status and the numerous allegations in his Complaint about Defendants' alleged violations of his constitutional rights, this Court will treat Plaintiff's Complaint as asserting a claim under § 1983.

the parties to address what effect, if any, the Rooker Feldman doctrine has on this Court's ability to exercise jurisdiction over this action.  See Exxon Mobil Corp, 544 U.S. at 284; see also Carroll v. Welch, No. 06-4502, 2007 WL 1377654, at *3 (E.D. Pa. May 9, 2007).  Defendants responded on July 13, 2007.  In their supplemental brief, they assert their Motion to Dismiss should be granted because Plaintiff's action is barred by the Rooker Feldman doctrine as a case brought by "a state court loser complaining of injuries caused by state court judgment rendered before the Federal District Court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil, 544 U.S. at 281.  Plaintiff did not file a supplemental brief.

For the reasons that follow, this Court will grant the Motion to Dismiss brought by the Lower Southampton Township and Rudolph, Pizzo & Clarke, LLC and dismiss Plaintiff's Complaint against all Defendants, including the Bucks County Court of Common Pleas, with prejudice.

### III. Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  Furthermore, under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a

complaint for lack of subject matter jurisdiction.

**IV. <u>Discussion</u>**

In their supplemental brief, Defendants raise two arguments.  First, they contend this Court lacks subject matter jurisdiction over this case because "Plaintiff's original filing of November 29, 2006 sought to enjoin a state court enforcement action of two separately obtained and fully litigated state court orders." (Defs.' Br. 4.)  Second, Defendants argue that Plaintiff has waived his right to challenge the constitutionality of the Defendant Township's ordinances by failing to raise those arguments before the Township zoning hearing board. (Defs.' Br. 6.)  In support of their contentions, the Defendants have attached the court dockets and relevant court orders from the Court of Common Pleas in two separate enforcement actions against the Plaintiff, <u>Lower Southampton Township v. Dixon</u>, No.01-7342-17-5 (Pa. Ct. Com. Pl. June 7, 2004), and <u>Lower Southampton Township v. Dixon</u>, No. 2006-08215-19-5 (Pa. Ct. Com. Pl. Dec. 1, 2006).  The Defendants have also attached two opinions from the Commonwealth Court of Pennsylvania ("Commonwealth Court"), <u>Lower Southampton Township v. Dixon</u>, 756 A.2d 147 (Pa. Commw. Ct. 2000) and <u>Lower Southampton Township v. Dixon</u>, No. 2153 C.D. 2004 (Pa. Commw. Ct. Nov. 15, 2005).[3]

The Rooker-Feldman doctrine, developed from the Supreme Court decisions of <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983) and <u>Rooker v. Fidelity Trust</u>

---

[3] The Court will consider these documents in deciding the present motion.  See <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir.1993) (holding that courts may consider the allegations contained in the complaint, undisputed exhibits attached to the complaint and matters of public record, including government agency records, in deciding a motion to dismiss).

Co., 263 U.S. 413 (1923), provides that federal district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 283-84.  This doctrine precludes jurisdiction over claims that were actually litigated in state court and those that are "inextricably intertwined" with the state court adjudication.  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 183, 192 (3d. Cir. 2006).  A federal action is "inextricably intertwined" with an adjudication by a state court, thus depriving the federal court of subject matter jurisdiction over that claim, where "federal relief can only be predicated upon a conviction that the state court was wrong."  Id. (internal quotation omitted).  However, as the Supreme Court clarified in Exxon Mobil, if proceedings are brought concurrently in both state and federal court, the entry of a judgment in state court does not bar a federal court from continuing to exercise jurisdiction over a case properly brought in federal court.  Exxon Mobil, 544 U.S. at 293.

In two opinions in two separate actions, the Commonwealth Court described the lengthy process undertaken by the Township to enforce its zoning regulations against the Plaintiff and his mother, who co-owned the property with him.  On September 16, 1996, the Township originally issued a notice charging the Dixons with violating the Township's zoning ordinance which prohibits warehousing in a residential district.  The notice informed the Dixons of their right to appeal the alleged violation to the Township's zoning hearing board within thirty days.  The Dixons did not appeal, nor did they abate the violation.  The Township then brought a civil enforcement proceeding against the Dixons before a district justice, who found in favor of the Township and assessed a fine and court costs against them.  The Dixons appealed to the Court of

Common Pleas. In their appeal, they argued that they had not appealed the original violation to the zoning hearing board because the Township charges an excessive and unconstitutional fee to bring such an appeal. In response, the Township filed a civil complaint seeking a fine of $500 per day beginning September 16, 2006. The Court of Common Pleas ruled in favor of the Township but reduced the daily fine from $500 to $10 a day. The Dixons then appealed that decision to the Commonwealth Court, arguing that trial court erred in failing to address their argument that the Township's filing fees are unconstitutional. The Commonwealth Court affirmed the trial court's decision and held the Dixons had waived their rights to argue that the Township's filing fees were unconstitutional by failing to raise that issue before the zoning hearing board. Dixon, 756 A.2d at 150 (Def.'s Br. Ex. C).

On November 21, 2001, the Township then filed a complaint in equity with the Court of Common Pleas against the Dixons, alleging they continued to violate the Township ordinance. The Township sought a preliminary injunction and an order directing the Dixons to pay outstanding fines. The parties subsequently entered into a settlement agreement. That agreement provided that the Dixons would limit themselves to storing four cars on their property and, if the Dixons failed to comply with the agreement, authorized the Township to have judgment entered against them in the amount of $10,040 plus the $10 daily fine. The trial court approved the agreement in an agreed order on January 8, 2002. After the Dixons failed to comply with the trial court's order, the Township filed a petition for contempt and enforcement of that order on February 25, 2002. The Court of Common Pleas held a hearing and then issued an order on June 7, 2004 ordering Dixon (his mother had passed away prior to the hearing) to remove all but four vehicles from his property within seventy-two hours and, if Dixon failed to comply, allowing the

Township to enter his property and remove the vehicles at Dixon's expense. (Defs.' Br. Ex. B.) The court further ordered Dixon to pay the Township's attorneys' fees. Dixon appealed, and the Commonwealth Court affirmed the trial court in an opinion dated November 15, 2005. Dixon, No. 2153 C.D. 2004 (Def.'s Br. Ex. C).

When Dixon again failed to comply with the court's order, the Township brought another complaint in equity against him on September 7, 2006. (Def.'s Supp. Br. Ex. E.) On October 31, 2006, the Township filed a petition for a preliminary injunction, and a hearing was scheduled for December 1, 2006. In the meantime, the Plaintiff filed a Complaint with this Court on November 29, 2006 seeking to enjoin the state court from issuing that injunction. The Court of Common Pleas granted the Township's petition in an order on December 1, 2006. (Defs.' Br. Ex. D.) In that order, the state court instructed Dixon and his wife to remove all but four vehicles from their property within ten days of the date of the order and to pay $2,500 in attorneys' fees, costs, and expenses to the Township. In the event that the Dixons failed to comply with its order, the court gave the Township permission to enter the Dixons' property and remove the vehicles.

Defendants argues that Plaintiff's action is barred by the Rooker Feldman doctrine because "it is clear that Plaintiff's original filing of November 29, 2006 sought to enjoin a state court enforcement action of two separately obtained and fully litigated state court orders." (Defs.' Supp. Br. 4.)[4] It is evident from Plaintiff's allegations that the actions of which he

---

[4] The December 1, 2006 state court order, which once again instructed the Plaintiff to remove all but four of his vehicles from his property, was entered after Plaintiff had initiated an action in this Court. As the Supreme Court explained in Exxon Mobil "neither Rooker nor Feldman supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same question while the case remains sub judice in a federal court." Exxon Mobil, 544 U.S. at 292. However, the proceeding initiated in the Court of Common Pleas by the Township on September 7, 2006 was simply another attempt to enforce

complains arose from Defendants' efforts to obtain and enforce a state court order restricting the number of vehicles he may store on his property. Indeed, he brought this action not only against the Township but also against the Township's then legal counsel and the state court itself. As Plaintiff's alleges in his Complaint, the Township has "mis-us[ed] their zoning ordinances, their township person[nel], the civil courts below and the township civil attorneys to methodically deny Plaintiff's Constitutional Rights." (Compl. 4.)

As discussed above, the Rooker Feldman doctrine precludes a lower court from exercising jurisdiction over claims that were either "actually litigated" or "inextricably intertwined" with a state court adjudication. Taliaferro, 458 F.3d at 192. According to the Commonwealth Court's November 15, 2004 opinion, Plaintiff raised a number of constitutional claims at the state court level in the Township's enforcement actions. Among the issues raised in his appeal of the June 7, 2004 order by the Court of Common Pleas, Dixon asserted his constitutional rights were violated "because neither the trial court nor his counsel informed him that the matter could 'result in criminal charges' or that Dixon had to 'give jurisdiction to the court' before he testified and the trial court proceeding against him." (Nov. 15 Op. 6.) He further argued that "the trial court violated his due process rights when it held him in violation of a non-existent ordinance." The Commonwealth Court rejected both these arguments, finding Dixon waived them by failing to allege the constitutional errors in his required statement under Pennsylvania Rule of Appellate Procedure 1925(b). Although Plaintiff raises a similar due

---

the agreed order signed in January 2002 and does affect this Court's conclusion that the Plaintiff's action is barred by the Rooker Feldman doctrine.

process claim in his Complaint, the Commonwealth Court's decision was not reached on the merits of that claim. Consequently, this Court is not deprived of jurisdiction over that claim under Rooker Feldman. See Gulla v. N. Strabane Twp., 146 F.3d 168 (3d Cir. 1998) (holding plaintiffs' constitutional claims were not barred by Rooker Feldman where state court had found plaintiffs lacked standing to bring their suit and therefore did not expressly or implicitly adjudicate those claims).

However, to the extent that Dixon did not actually litigate a constitutional violation under each specific amendment he lists in his Complaint, those allegations are nonetheless "inextricably intertwined" with the issues adjudicated by the state court. Dixon argues that his rights are being violated under the First Amendment because "[p]arking cars on private property is expressive behavior" and any government action against him is a "prior restraint." (Compl. 9.) He further claims that the Defendants' actions violated his Fourth Amendment rights because the Defendants' actions to remove his cars would be an "unreasonable seizure." (Compl. 10.) His allegations under the Sixth, Eight, Ninth, Tenth and Fourteenth Amendments are similar.

As the Third Circuit explained, a federal action is inextricably intertwined with a state court adjudication where "federal relief can only be predicated on a conviction that the state court was wrong." Taliaferro, 458 F.3d at 192 (internal quotation omitted). The relief sought by Dixon in this action is a declaration that the actions of the Township violated his constitutional rights, a summary writ of mandamus against the Township officials directing them to cease and desist their efforts to remove his cars, and, finally, an a writ of mandamus against the law firm of Rudolph, Pizzo & Clarke, LLC to enjoin them from continuing to pursue any legal action against him in state court until this action is resolved. Granting any one of these requests would require

the reversal or modification of the prior state court orders issued by the Court of Common Pleas. In order for this Court to rule that Dixon's constitutional rights have been violated under any of the amendments he lists in his Complaint, this Court would have to find the Plaintiff's decision to continue to park more than four vehicles on his property was not a violation of the Township ordinance and that the decisions of the Commonwealth Court and the final orders of the Court of Common Pleas from June 4, 2004 and December 1, 2006 were entered in error.

For that reason, this case is distinguishable from Third Circuit decisions such as Parkview Associates Partnership v. City of Lebanon, 225 F.3d 321 (3d Cir. 2000) and Taliaferro v. Darby Township Zoning Board, 458 F.3d 181 (3d Cir. 2006).  In Parkview Associates, a personal care home brought an action against the City of Lebanon and the city's zoning hearing board challenging the zoning board's denials of a zoning permit to the home as violating state and federal anti-discrimination statutes.  When the plaintiff brought a claim in federal district court alleging that the denials of the zoning permits discriminated on the basis of disability, the district court held the plaintiff's action was barred by the Rooker-Feldman doctrine.  The Third Circuit reversed the district court, noting that the plaintiffs had not raised their discrimination claims in their appeals of the zoning board's decisions to the court of common pleas.  The court further concluded that those claims were not inextricably intertwined with the previous state court adjudication because the plaintiff's appeals were limited to the issue of whether the zoning hearing board has abused its discretion or committed an error of law.  As the Third Circuit reasoned, "adjudication by a federal court of [plaintiff's] discrimination claims would not require the federal court to determine that the state court was wrong." Id. at 326.  Similarly, in Taliaferro, the state court had reviewed for abuse of discretion the zoning hearing board's

...


decision to grant a variance allowing a commercial storage facility to be built in a neighborhood that was zoned residential. On appeal to the state court, the plaintiffs had not raised or actually litigated the claim that this decision also violated their right to due process. Taliaferro, 458 F.3d at 193. As the Third Circuit reasoned, "a decision in favor of [the plaintiffs] on their due process claims would not mean that the Board abused its discretion." Id.

Plaintiff argued in his original response to the Defendants' Motion to Dismiss that "the gravam[e]n of this case is unconstitutional conduct by the respondents." (Pl.'s Br. 3.) This alleged "unconstitutional conduct" in seeking to enforce the Township ordinance has been the subject of two prior state trial court orders, one of which was affirmed by the Commonwealth Court after Dixon appealed. While Dixon continues to disagree with these state court decisions and insists in his Complaint that he has the right to store more than four vehicles on his property, this issue has been thoroughly litigated in Pennsylvania state court. Because Dixon is essentially seeking federal court review of these earlier state court orders, this Court does not have jurisdiction over Plaintiff's claims. "[R]ooker Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." See Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 422 (3d Cir. 2003). Consequently, this Court holds that Plaintiff's action is barred by the Rooker Feldman doctrine.[5]

Alternatively, even if this Court were to find that it has subject matter jurisdiction over Plaintiff's action, the Court would nonetheless dismiss this action for failure to state a claim

---

[5] The Court need not address the Defendants' alternative argument that Plaintiff has waived his right to challenge the constitutionality of the Township's ordinances. Plaintiff does not allege that the applicable Township ordinance is unconstitutional, only that it was misused by the Township when it sought to limit the number of vehicles on his property.

upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Aside from continuing to insist he has the right to park more than four vehicles on his property, Plaintiff has made no allegations about how the actions of the Township, the Township's then legal counsel, or the Court of Common Pleas in any way violated his constitutional rights.  The Township's lawful actions in seeking to enforce a state court order, which was entered in response to settlement agreement between Dixon and the Township, do not amount to a constitutional violation.  Because Plaintiff's had failed to state a cause of action under a constitutional or statutory provision, the Plaintiff's § 1983 action will be dismissed pursuant to Rule 12(b)(6).

## V. **Conclusion**

For the reasons outlined in the forgoing memorandum, Plaintiff's Complaint will be dismissed for lack of jurisdiction and, in the alternative, for failure to make out a federal claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH DIXON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 06-5223 |
| TOWNSHIP OF LOWER SOUTHAMPTON, et al. | : | |

**ORDER**

AND NOW, this 16th day of August, 2007, the Defendants Township of Lower Southampton and Rudolph, Pizzo & Clarke, LLC having filed a Motion to Dismiss Plaintiff's Request for an Emergency Hearing for a Writ of Mandamus and Injunctive Relief, which this Court has ordered will be treated as a Complaint, on January 11, 2007 (Doc. No. 6), it is hereby ORDERED:

1. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 6) is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

2. The Clerk shall close this case.

BY THE COURT:

/s/ Michael M. Baylson

Michael M. Baylson, U.S.D.J.

A:\Dixon v. Twp. Lower Southampton MTD Memo & Order.wpd

-14-